PEOPLE'S EQUITABLE MUTUAL FIRE INSURANCE COMPANY *vs.* GEORGE H. BABBITT.

An assessment by a mutual insurance company upon its members of a greater amount than is necessary to enable it to meet existing just claims against it, together with a reasonable allowance for expenses and failures to make collections, is invalid; and an allowance for these purposes of a sum more than the whole amount of the deficiency in its funds is unreasonable, if no special circumstances are shown to justify the excess.

CONTRACT brought by a mutual insurance company to collect the amount of two assessments upon one of its members.

At the trial in the superior court, before *Ames*, J., without a jury, it appeared, amongst other things, that at the time the first assessment was made the deficiency in the funds of the company amounted to $4666.81, and the amount of deposit notes then in force was $114,141; and an assessment of ten per cent. upon these notes was laid. At the time when the second assessment was made the deficiency amounted to $5616.68,

and the amount of deposit notes then in force was $117,326.60; and an assessment of ten per cent. upon these notes was laid. Certain other material facts are stated in the opinion.

The judge ruled that the first assessment was invalid, and the second one valid; and both parties alleged exceptions.

*C. I. Reed & J. E. Sanford,* for the plaintiffs, cited *Jones* v. *Sisson,* 6 Gray, 288; *New England Ins. Co.* v. *Belknap,* 9 Cush. 140; *Marblehead Ins. Co.* v. *Underwood,* 3 Gray, 213; *Same* v. *Hayward,* Ib. 208; *People's Ins. Co.* v. *Arthur,* 7 Gray, 268.

*E. H. Bennett,* for the defendant.

MERRICK, J. This action is brought to recover the amount of two assessments made upon the promissory notes which the defendant gave to the plaintiffs upon obtaining from them several policies of insurance against loss by fire. The validity of these assessments is denied in the answer; and the question whether they were lawfully imposed is now to be determined upon the facts shown on the trial, which are stated in the bill of exceptions.

By Gen. Sts. *c.* 58, § 48, it is provided that when the just claims against a mutual fire insurance company exceed the funds, the directors shall assess such sums as are necessary upon the members, in proportion to their premium and deposit. This provision defines the object and purpose of such an assessment, and indicates the occasions on which it may be made. It also prescribes the duty and limits the authority of the directors in all such proceedings. The assessment is to be made when the just claims against the company exceed its funds, that is, its means of payment. Hence it is obvious that the only object of such an assessment, and consequently the only purpose for which it can be permitted, is to raise money sufficient in amount, when added to the existing and available funds of the company, to discharge its outstanding obligations, and to pay to all creditors whatever is justly due to them. No authority is given to go beyond this. The company is not, nor is it intended in relation to such an association that it should be, empowered in this manner and by such means to accumulate a fund either to establish and confirm its credit, or to enlarge or facilitate its

operations by securing an increased confidence in its ability to fulfil its engagements, or to guard against possible contingencies or future liabilities. The directors cannot therefore make any assessment upon the members except for the single purpose of providing means for the payment and discharge of existing obligations. To this end they are first to ascertain by actual investigation that the just claims against it do in fact exceed the funds of the company, and a statement of its condition is thereupon to be made and kept with the record of their vote that an assessment shall be made. § 54. And the aggregate which is thus found and shown to be necessary to supply the existing deficiency is then to be assessed upon the members in proportion to their several premiums and deposits. But although the time when and the purposes for which such an assessment may legally be made are thus distinctly indicated in the statute, a proper interpretation of its provisions will leave some latitude of discretion to be exercised by the directors in the performance of their duty. Very great and perhaps even insuperable practical difficulties would result from the attempt to make assessments upon every occasion whenever any deficiency, however inconsiderable, of funds adequate to pay every outstanding just claim should be found to exist, and to apportion the amount of such deficiency ratably upon the members according to their several liabilities and obligations. The statute must be construed with reference to its practical working, and so that its various provisions can be properly observed and enforced. And therefore its requirements in reference to the time of making an assessment will be complied with if it be made without any delay which will cause material or unreasonable inconvenience to any of the parties interested in it. *New England Ins. Co.* v. *Belknap*, 9 Cush. 146. *Marblehead Ins. Co.* v. *Underwood*, 3 Gray, 40. And a like discretionary exercise of their authority is requisite on the part of the directors in fixing the rate at which the members are to be assessed, with a view to raising the whole amount necessary to supply the existing deficiency of funds. The actual amount so required can be ascertained and determined with exactness and certainty ; but as there must be

expense incurred in the collection, and losses may be sustained in consequence of the insolvency of members assessed, all of which is unavoidably contingent and uncertain, proper allowances may be made for the failures which may be expected to result from these or other unforeseen causes; and if such allowances are reasonable in amount and consistent with good faith on the part of the directors, they will not vitiate the assessment. *Jones* v. *Sisson,* 6 Gray, 288. But if these reasonable limits are disregarded and transcended, the directors will have acted without warrant or authority, and any assessment so made by them will be illegal and void.

In the application of this rule to the assessments which the plaintiffs now seek to recover, it is obvious that neither of them can be sustained. On each occasion the aggregate of the sums assessed upon the members was more than double the amount of the existing deficiency then ascertained, and the amount actually collected and received greatly exceeded it. Upon the testimony of the experts examined as witnesses upon the trial, at least fifty per cent. of the amount assessed may be expected to be collected under circumstances the most unfavorable of any to which they adverted. That is a very large allowance for any anticipated falling off; certainly so in reference to any company which has managed its affairs with regard to a continuance in the transaction of its business. No circumstances are shown to justify the great excess in the amount attempted to be raised by the assessments which the plaintiffs now seek to enforce, and there is therefore no principle upon which they can be upheld or maintained. The result is, that the exceptions of the plaintiffs must be overruled, and the exceptions of the defendant sustained, and a new trial granted in relation to the second assessment.